Honorable Mike Kreidler Insurance Commissioner P. O. Box 40255 Olympia, WA 98504-0255
Dear Commissioner Kreidler:
By letter previously acknowledged, you have requested our opinion on the following questions:
1. Does the Washington State Health Insurance Pool (WSHIP) possess theauthority to incorporate (or reorganize) as a nonprofit corporation underRCW 24.06?
2. If the WSHIP possesses the authority to incorporate under RCW 24.06,may it also avail itself of the limitations on liability of directors,officers, and employees under RCW 4.24.264 and 24.06.035?
3. If the WSHIP does not possess the authority to incorporate, could theliability of WSHIP's directors, officers, and employees be limited inaccord with RCW 4.24.264 and 24.06.035 through the approval by theInsurance Commissioner of a plan of operation under RCW 48.41.040(4) thatprovides for such limitations on liability?[1]
 BRIEF ANSWERS
The WSHIP does not have authority to reorganize as a nonprofit corporation under RCW 24.06. The WSHIP is an entity created by the state Legislature for public purposes and does not have authority to limit the liability of its directors, officers, and employees beyond the limitations already established in statute. These answers render it unnecessary to address your second question. Our answers are explained more fully in the analysis below.
 ANALYSIS
1. Does the Washington State Health Insurance Pool (WSHIP) possess theauthority to incorporate (or reorganize) as a nonprofit corporation underRCW 24.06?
The Washington State Health Insurance Pool (WSHIP) is a "nonprofit entity" created by state statute. RCW 48.41.040(1). Its members are "any commercial insurer which provides disability insurance or stop loss insurance, any health care service contractor, and any health maintenance organization licensed under Title 48 RCW" as well as self-insured employers when authorized by federal law. RCW 48.41.030(14), .040(1). The WSHIP is governed by a board of ten directors — five appointed by the governor and four elected by the membership (the insurance commissioner, sitting ex officio, is the tenth director). RCW48.41.040(2). The general intent behind the creation of the WSHIP is to provide access to health insurance coverage to all residents of the state who are denied health insurance. See, e.g., RCW 48.41.020.
The powers and duties of the board are set forth primarily in RCW48.41.060. They include designating or establishing a standard health questionnaire, obtaining a certification from a qualified actuary that the questionnaire meets certain statutory requirements, establishing rates and rate schedules, assessing pool members, issuing policies, and incidental related powers. RCW 48.41.060(1). The statute authorizes the board to enter into contracts; to sue and to be sued; to appoint legal, actuarial, and other committees; and to conduct audits. RCW 48.41.060(2). The board selects, through a competitive bidding process, an administrator who actually administers the insurance pool. RCW 48.41.080. RCW 48.41 goes on to describe, in considerable detail, the nature of the insurance coverage to be made available through the WSHIP.
Your first question is whether the WSHIP has authority to incorporate or to reorganize as a nonprofit corporation.[2] The answer to this question is directly implied from the WSHIP's status as a "nonprofit entity" with powers and duties set forth in law. The WSHIP is not a voluntary private association but a creature of state government, created by the Legislature with a specific structure and specific powers and responsibilities.[3] State agencies and entities possess only those powers either expressly granted or necessarily implied from statutory grants of authority. Green River Cmty. Coll. v. Higher Educ. Pers. Bd.,95 Wn.2d 108, 622 P.2d 826 (1980). Administrative agencies do not have the power to promulgate rules that would amend or change a legislative enactment. Id. Although the WSHIP is not a traditional administrative agency, it is an entity created by the Legislature for a specific public purpose.
Any attempt by the WSHIP to assume corporate form would be inherently inconsistent with the structure of the WSHIP as set forth in RCW 48.41.040. Corporations organized under RCW 24.06 have a series of powers and duties that vary from, and are on several points inconsistent with, powers and duties conferred on the WSHIP by RCW 48.41. Nothing in RCW 48.41 authorizes the creation of a corporation or authorizes WSHIP to take the form of a nonprofit corporation. However, the Legislature does occasionally authorize a state agency or instrumentality which is in the form of a corporation. See RCW 67.40.020, authorizing the governor to form a private nonprofit corporation (the state convention and trade center), and RCW 43.210.020, authorizing the small business export finance assistance center to be formed as a nonprofit corporation.[4]
There is no equivalent language authorizing formation of the WSHIP as a corporation.
Your opinion request indicates that the WSHIP was considering the incorporation issue in connection with submitting a new "plan of operation" to the Insurance Commissioner pursuant to RCW 48.41.040(4). However, the contents of the plan of operation are set forth in RCW48.41.050. They include establishing procedures for handling and accounting of pool assets, setting the times and places of meetings of the board of directors, establishing procedures for record keeping and fiscal reporting, establishing procedures for collecting assessments from pool members and establishing the amount to be assessed, selecting a plan administrator, publicizing the existence of the plan, and establishing a grievance procedure. The list does not include proposals for reorganizing or restructuring the WSHIP as a nonprofit corporation.
The Legislature created the WSHIP and specified its organizational structure as well as its powers and duties. The legislation creating the WSHIP includes neither express nor implied power to incorporate or otherwise to alter the statutory scheme for the pool's organization and government. We answer your first question in the negative.
2. If the WSHIP possesses the authority to incorporate under RCW 24.06,may it also avail itself of the limitations on liability of directors,officers, and employees under RCW 4.24.264 and 24.06.035?
3. If the WSHIP does not possess the authority to incorporate, could theliability of WSHIP's directors, officers, and employees be limited inaccord with RCW 4.24.264 and 24.06.035 through the approval by theInsurance Commissioner of a plan of operation under RCW 48.41.040(4) thatprovides for such limitations on liability
Because we concluded that WSHIP lacks the authority to incorporate under RCW 24.06, we do not reach your second question. Your third question, assuming the WSHIP does not have the power to incorporate, is whether the board of directors could submit a plan of operation to the Insurance Commissioner providing for limitations on the liability of the WSHIP's directors, officers, and employees. Perhaps more to the point, the board wishes to know if this procedure would successfully limit the liability of the WSHIP's directors, officers, and employees.
Our analysis here is similar to our analysis of your first question. First, the liability of officers and employees of the WSHIP is not one of the subjects listed by the Legislature as an appropriate subject for the plan of operation. RCW 48.41.050. Perhaps more significantly, the Legislature has considered the question of civil and criminal immunity and has adopted a statutory standard in this area:
Neither the participation by members, the establishment of rates, forms, or procedures for coverages issued by the pool, nor any other joint or collective action required by this chapter or the state of Washington shall be the basis of any legal action, civil or criminal liability or penalty against the pool, any member of the board of directors, or members of the pool either jointly or separately.
RCW 48.41.190. We understand that the principals of the WSHIP are concerned about the lingering possibility that they might be liable in circumstances not covered by the language of RCW 48.41.050. We will not speculate here as to the likelihood that such circumstances might occur or as to how the courts would interpret the applicable law. It seems readily apparent, however, that since the Legislature has directly addressed the standards of liability that apply to WSHIP and its members and directors, WSHIP is without authority to decide on its own that the law should insulate them from liability in some different fashion. RCW48.41.190.[5] Thus, even if the Insurance Commissioner were to approve some action by the WSHIP board purporting to limit the liability of the WSHIP officers, administrators, or employees from liability, we doubt that the courts would recognize such limitations to the extent they were found inconsistent with RCW 48.41.190 or other relevant statutes.
We conclude that the liability of the WSHIP officers and employees is a question decided by statutory law. Since the statutes do not include the subject of liability in the matters which can be the subject of a plan of organization, it would be beyond the authority of the Insurance Commissioner to approve such an element included in a plan. Of course, the Legislature could revisit this area and change the liability standard or delegate to others additional discretion in this area, if it chose to do so.
We trust the foregoing will be of assistance to you.
Sincerely,
 JAMES K. PHARRIS Senior Assistant Attorney General :pmd
[1] Your first two questions are set forth as posed in your request letter. We have slightly paraphrased Question 3 so that we can give a clearer answer.
[2] We do not understand your question to be whether the WSHIP, through its board of directors, could act as an incorporator to form a new nonprofit corporation under RCW 24.06. RCW 24.06.020 provides that individuals, partnerships, corporations, governmental bodies and agencies may incorporate a corporation. We do not read that provision as providing carte blanche authority for any governmental entity to form anew corporation, but merely as making RCW 24.06 sufficiently broad toaccommodate grants elsewhere in the RCW of statutory authority toparticular governmental entities. Our understanding is that the WSHIPdoes not wish to create a nonprofit corporation, but rather seeks tobecome a corporation. Even assuming legislative authority to act as anincorporator, a corporation created by the officers of WSHIP might be alawful and independent legal entity, but it would be a separate entityfrom the WSHIP itself and, as we discuss, could not be infused with theWSHIP's powers and duties.
[3] It is not necessary to conclude whether the WSHIP is a state agencyas such. In an informal opinion to two legislators, the undersignedattorney concluded that the Open Meetings Act (RCW 42.30) does not applyto meetings of the WSHIP board. Letter from James K. Pharris, SeniorAssistant Attorney General, to State Representatives Eileen Cody andLinda Evans Parlette (December 21, 2000). The question considered wasnot whether the WSHIP is an agency, but the extent to which it exercisesgovernmental powers. Furthermore, the informal opinion concluded that"the question is close and could be clarified by further legislation."Id. at 1. It is conceivable that the WSHIP could be a state agency forsome purposes and not for others. It is beyond contradiction, though,that WSHIP was directly created and structured by the Legislature. SeeAGO 2002 No. 2 (whether a particular entity is or is not regarded as aunit of government depends upon context).
[4] There are also examples of entities that were originally privatenonprofit corporations but which have subsequently become state agencies(or at least have become closely affiliated with the State) throughlegislative action. See, RCW 27.34, relating to the state historicalsocieties. The societies remain corporations but are governed bystatutory law where the Legislature has enacted it. See, e.g., RCW27.34.070 (general powers of state historical societies) and RCW 27.34.080(authority of governor to remove society directors for cause). Bycontrast, the WSHIP did not exist as a corporation before the enactmentof RCW 48.41, and it did not organize as a voluntary association butpursuant to legislative enactments.
[5] We also considered the argument that the WSHIP has broader impliedauthority based on the fact that its functions are proprietary ratherthan governmental in nature. The case law does suggest that a governmentperforming a proprietary function has broader discretion than it wouldhave in connection with a governmental function. See, e.g., Hite v. PUD2, 112 Wn.2d 456, 772 P.2d 481 (1989). In Hite, the Supreme Court foundthat a public utility district conducting a proprietary business had abroad power to contract with its customers in the same manner as aprivate business. The WSHIP may also enjoy broad discretionary powerswhen, for instance, it enters into various contracts in connection withproviding insurance. Neither Hite nor other cases, however, suggest that a local government such as a public utility district would have authority to alter its own governmental structure, such as by incorporating under RCW 24.06.